772 F.2d 906
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DIMMITT AND OWENS FINANCIAL, INC., PLAINTIFF-APPELLEE,
v.
CONSOLIDATED RAIL CORPORATION, DEFENDANT-APPELLANT.
 NO. 84-1050
 United States Court of Appeals, Sixth Circuit.
 8/1/85
 
 E.D.Mich.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: MARTIN, WELLFORD, and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Consolidated Rail Corporation (Conrail) appeals from a jury verdict against it for $246,921.96. We affirm.
 
 
 2
 The plaintiff, Dimmitt and Owens Financial, Inc., is a financial factor who purchased certain accounts receivable from D&G Equipment Rental. The accounts receivable arose from a contract between D&G and Conrail requiring D&G to provide Conrail with labor and material for the reconstruction and repair of railroad crossings. Conrail was to pay for asphalt work done in connection with the reconstruction at $45 a ton in 1980 and $55 a ton in 1981. When Conrail refused to make payments on the accounts held by D&O, D&O brought suit to collect on the accounts.
 
 
 3
 As a defense to collection, Conrail claimed that it was entitled to offsets against D&G in excess of the amount claimed by D&O. Specifically, Conrail claimed that D&G had defrauded it of over $261,000 by presenting false and altered asphalt delivery tickets for payment. The jury found, however, that Conrail was entitled to an offset of only $1,980.00 and subtracted that amount from the amount awarded to D&O to reach its ultimate verdict.
 
 
 4
 In this appeal, Conrail urges three grounds for reversal. First, Conrail claims that the trial court erred in not granting it a directed verdict. Second, Conrail argues that it should have been granted a judgment notwithstanding the verdict. Finally, Conrail claims the district court abused its discretion in not granting it a new trial.
 
 
 5
 Because our standard of review with respect to judgments notwithstanding the verdict is very similar to the standard by which we review directed verdicts, Calhoun v. Honda Motor Co., 738 F.2d 126, 129 (6th Cir. 1984), we shall consider Conrail's first and second claims of error as one. In a diversity case such as this one, we must look to state law to determine the legal standard for reviewing directed verdicts and judgments notwithstanding the verdict. Toth v. Yoder Co., 749 F.2d 1190, 1194 (6th Cir. 1984). Under Michigan law, the applicable standard is the same as in federal cases--a directed verdict or a judgment notwithstanding the verdict is proper 'when, after reviewing the evidence in the light most favorable to the non-moving party, the evidence points so strongly in favor of the movant that reasonable minds could not come to a different conclusion as to the appropriate verdict.' Warkentien v. Vondracek, 633 F.2d 1, 6 (6th Cir. 1980).
 
 
 6
 We do not believe that Conrail has met this test. As the district court properly recognized, D&O established its prima facie case by presenting the invoices for the asphalt which had been received by Conrail and approved for payment. The burden then shifted to Conrail to establish its affirmative defense of fraud, and Conrail simply failed to carry its burden in this regard. Although Conrail strenuously argues that its evidence regarding offsets was uncontested, we believe that its evidence was seriously undermined through cross-examination and through the plaintiff's rebuttal witness.
 
 
 7
 With respect to the district court's decision not to grant a new trial, we may only reverse if the district court abused its discretion. Bruner v. Dunaway, 684 F.2d 422, 425 (6th Cir. 1982). We shall find an abuse of discretion if we have 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' Taylor v. United States Parole Commission, 734 F.2d 1152, 1155 (6th Cir. 1984) (quoting McBee v. Bomar, 296 F.2d 235, 237 (6th Cir. 1961)). Given our discussion of defendant's motions for directed verdict and judgment notwithstanding the verdict, we find no such abuse of discretion in this case.
 
 
 8
 The decision of the district court is affirmed.
 
 WELLFORD, Circuit Judge, concurring:
 
 9
 D&O, plaintiff, was a factor, and merely presented the invoices it purchased from D&G, which reflected Conrail's purported debt. These invoices included weight tickets. It was further established in plaintiff's proof that the crossings which D&G, the contractor, was to complete were in fact all finished. Conrail responded at trial by presenting its own internal auditor who testified that from his investigation it appeared that numerous invoices were either false or had been altered. He came to this conclusion by comparing te weight tickets presented by D&G with those of the asphalt suppliers. Where they did not match, or if the supplier had no record of a sale, he would note the discrepancy. Thereafter, he would credit D&G with whatever amount the supplier did show, or if the supplier had no record, he would disallow the entire amount.
 
 
 10
 On cross-examination, D&O's attorney effectively discredited the auditor in several respects. He established that all the crossings were complete, and that in several instances the auditor disallowed all of the asphalt tonnage for the completed crossings. It came out on cross examination, moreover, that the auditor did not check with all D&G's suppliers, thus bringing into question his method of disallowing or challenging plaintiff's prima facie proof.
 
 
 11
 Although the accuracy of the auditor's report has been to some degree cast in doubt, there remain in my view a number of serious discrepancies in D&G's invoices. None of these were explained at trial, and D&O made no effort to clarify the situation. From the evidence presented, it is simply not possible to determine how much asphalt was used, nor how much was delivered to the Conrail job by D&G.
 
 
 12
 Matters were further confused in this case by the interrogatories presented to the jury. The jury was asked:
 
 
 13
 Do you find the plaintiff has proven that it duly purchased certain accounts receivable from D&G which have not been paid by the defendant, Consolidated Rail Corporation?
 
 
 14
 If you have answered question 1 'yes,' what amount do you find the plaintiff has proven as to unpaid accounts receivable?
 
 
 15
 Defendant Conrail did not really question that plaintiff purchased the accounts receivable and invoices in controversy. The interrogatories failed to focus on the crux of the case, that is, how much asphalt was actually delivered by plaintiff's assignor, D&G. The interrogatories, however, were not objected to by Conrail, and it failed apparently to submit other proposed interrogatories that would address the real issue.
 
 
 16
 D&O submitted a prima facie case by proving the invoices which had been approved for payment by Conrail and that it had purchased these invoices. Conrail then had the burden of establishing fraud. It merely demonstrated inaccuracies in a number of the invoices. The net result was that the jury was left without much evidence as to the proper amount of the offset, a situation aggravated by the interrogatories submitted. A new trial in this case would benefit Conrail's failure to demonstrate the nature and extent of the discrepancies between invoices and supporting weight tickets and how that related to the estimated asphalt used at the crossings. Since the burden is on defendant Conrail to contravenue the prima facie case, it could be deemed that the jury did the best it could under the circumstances.
 
 
 17
 I am reluctant to affirm the decision below, because it appears to me that plaintiff may be receiving something it is not actually entitled to receive. I join the decision, because, although I doubt the correctness of the verdict, I am not convinced that serious and substantial injustice has resulted under all the circumstances.